# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CR-0156-CVE |
| | ) | |
| MATTHEW SCOTT STOREY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is the Government's Motion for Continuance of Jury Trial (Dkt. # 22) and defendant's Motion to Continue and for New Scheduling Order, Including New Trial Date (Dkt. # 27). Defendant Matthew Scott Storey is charged with possession and attempted possession of methamphetamine with intent to distribute. Dkt. # 10. A suppression hearing is set for September 5, 2013, and the jury trial is set for September 9, 2013. The government states that Federal Bureau of Investigation (FBI) Special Agent Matthew Ferguson submitted methamphetamine to the Drug Enforcement Agency (DEA) for analysis, but the DEA has not analyzed the methamphetamine or prepared a report. The government requests a 14 day continuance of the jury trial. Defendant's prior attorney, Julia O'Connell, withdrew from her representation of defendant on September 3, 2013 and Fred Randolph Lynn was appointed as substitute counsel on September 4, 2013, and Lynn has filed a motion seeking a continuance of all deadlines in the scheduling order, including the jury trial. Lynn asks the Court to continue the trial of this matter to the December 2013 or January 2014 jury trial docket to allow him adequate time to prepare for trial. Defendant has filed a speedy trial waiver (Dkt. # 28).

Defendant's and the Government's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay

resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defense counsel states that he was appointed to represent defendant on September 4, 2013, and he will not have sufficient time to prepare for trial under the current scheduling order. Dkt. # 27, at 1. He also notes that defendant's prior attorney filed a motion to suppress, and he may wish

2

to file additional motions after reviewing the discovery materials. Id. at 2. The Court has reviewed defendant's motion and finds that it would be unreasonable to expect defense counsel to be prepared for trial by September 9, 2013. Although defense counsel requests a continuance to the December 2013 or January 2014 jury trial docket, defendant's motion provides no basis for granting such a lengthy continuance of the jury trial. Considering the nature of the charges against defendant, the Court finds that the trial of this matter should be continued to the November 2013 jury trial docket. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters. In light of the Court's decision to grant defendant's motion for a continuance, the government's request for a 14 day continuance of the jury trial is moot.

**IT IS THEREFORE ORDERED** that the Government's Motion for Continuance of Jury Trial (Dkt. # 22) is **moot**, and defendant's Motion to Continue and for New Scheduling Order, Including New Trial Date (Dkt. # 27) is **granted**. The suppression hearing set for September 5, 2013 and jury trial set for September 9, 2013 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | October 14, 2013 |
| Responses due: | October 28, 2013 |
| PT/CP/Motions Hearing: | **November 4, 2013 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | November 12, 2013 |
| Jury Trial: | **November 18, 2013 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between September 9, 2013 and November 18, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 4th day of September, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE